IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-117-FL

| | | |
|---|---|---|
| HEALTH & BEAUTY TECHNOLOGIES, INC.; and MEDI-BUILD INTERNATIONAL, CORP., | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| MERZ PHARMA GMBH KGAA; and MERZ NORTH AMERICA, INC., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for reconsideration. (DE 157). The motion has been fully briefed, and, in this posture, the issues presented are ripe for ruling. For reasons noted, the motion is granted.

**BACKGROUND**

Plaintiffs initiated this action June 26, 2017, in the United States District Court for the Southern District of Florida alleging that defendants breached agreement to compensate plaintiffs' president, Michael Polakov ("Polakov"), for his successful efforts in finding a suitable company to acquire non-party Ulthera, Inc. ("Ulthera"). Specifically, plaintiffs allege that defendants acquired Ulthera in 2014, but refused to compensate Polakov, as required under the oral agreement.

On August 11, 2017, defendant Merz North America, Inc. ("Merz NA") moved to dismiss the complaint on the ground that Florida is without personal jurisdiction to adjudicate claims against it, and defendant Merz Pharma GmbH KGAA ("Merz Pharma") filed a similar motion September

27, 2017. Plaintiffs requested and were allowed limited jurisdictional discovery to facilitate response to the motions to dismiss. Following a period of limited jurisdictional discovery, Hon. Marcia G. Cooke dismissed plaintiffs' claims on grounds that Florida is without personal jurisdiction over defendants and transferred the case to this court, pursuant to 28 U.S.C. § 1406(a).

Following transfer, plaintiffs moved to amend the complaint, which motion this court granted June 5, 2018. Both defendants moved to dismiss the amended complaint for failure to state a claim, and, in addition, defendant Merz Pharma sought dismissal on the ground that this court is without personal jurisdiction to adjudicate claims against it. As before, to facilitate response to jurisdictional arguments, plaintiffs requested and were allowed a period of limited jurisdictional discovery, which discovery period now is ongoing.

Plaintiffs filed a second amended complaint July 12, 2018. By text order entered July 17, 2018, this court accepted plaintiffs' characterization of that second amended complaint as constituting a "matter of course" amendment, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and denied defendants' then-pending motions to dismiss as moot. Defendants move for reconsideration of that text order.

## DISCUSSION

A.   Standard of Review

Unless certified as final, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] district court retains the power to reconsider and modify its interlocutory [orders] at any time

prior to final judgment when such is warranted." Am. Canoe Assoc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir.2003). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." Saint Annes Dev. Co. v. Trabich, 443 Fed.Appx. 829, 832 (4th Cir.2011) (quoting American Canoe, 326 F.3d at 514–15); see also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1473 (4th Cir.1991) (stating that interlocutory orders "are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires").

B.  Analysis

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). The Advisory Committee Notes state that "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." Fed. R. Civ. P. 15, Advisory Committee Notes (2009 amend.); see also Scinto v. Stansberry, 507 F. Appx. 311, 311 n.2 (4th Cir. 2013) (noting that under the pre-2009 version of Rule 15(a)(1), a motion to dismiss did not terminate a plaintiff's right to amend the complaint as a matter of course).

In the instant matter, defendant Merz NA first moved for dismissal under Rule 12(b) August 11, 2017. Accordingly, under Rule 15(a)(1), plaintiffs' opportunity to amend the complaint as a

3

matter of course terminated 21 days later on September 1, 2017. See Fed. R. Civ. P. 15(a)(1)(B). Moreover, where "[t]he 21-day periods to amend once as a matter of course are not cumulative[,]" Fed. R. Civ. P. 15, Advisory Committee Notes (2009 amend.), plaintiffs did not obtain any renewed opportunity to amend as a matter of course following defendants' June 21, 2018, motions to dismiss. Thus, where plaintiffs filed the second amended complaint without defendants' consent and without leave of court, the second amended complaint is ineffective.

Plaintiff argues that this court should follow the Ninth Circuit's decision in Ramirez v. County of San Bernadino, which holds, in relevant part, that where a plaintiff files an amended complaint with leave of court, that action does not terminate that plaintiff's right to file another amendment as a matter of course. 806 F.3d 1002, 1007 (9th Cir. 2015). However, this court need not decide whether an amendment with leave of court terminates a party's right to amend as a matter of course because, as noted, plaintiffs' second amended complaint is ineffective, not because it follows an amendment with leave of court, but because plaintiffs filed it outside the time period allowed under Rule 15(a)(1)(B). In this manner, Ramirez is inapposite on these facts, and plaintiffs' argument fails.

In sum, defendants' motion for reconsideration is granted. On reconsideration, the court vacates its June 17, 2018, text order and reinstates the first amended complaint and defendants' respective motions to dismiss same. This determination is without prejudice to plaintiffs' opportunity, by appropriate motion, to seek leave of court to amend the complaint. Plaintiffs' responses to defendants' motions to dismiss the first amended complaint are due within 14 days hereof.

## CONCLUSION

For reasons noted, defendants' motion for reconsideration, (DE 157), is GRANTED. The court VACATES its July 17, 2018, text order denying as moot defendants' motions to dismiss the first amended complaint. The first amended complaint, (DE 141), and defendants' motion to dismiss same, (DE 145, 149), are REINSTATED. Plaintiffs' second amended complaint, (DE 153), is rendered without legal effect. The clerk is DIRECTED to raise notation on the docket that DE 145 and DE 149 are pending motions. Plaintiffs' responses to defendants' motions to dismiss the first amended complaint are due within 14 days hereof.

SO ORDERED, this the 12th day of October, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge