IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:18-CV-117-FL

| | | |
|---|---|---|
| HEALTH & BEAUTY TECHNOLOGIES, INC.; and MEDI-BUILD INTERNATIONAL, CORP., | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| MERZ PHARMA GMBH KGAA; and MERZ NORTH AMERICA, INC., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendants' objection (DE 195) to order by United States Magistrate Judge Robert B. Jones, Jr. (DE 190), granting in part and denying in part plaintiffs' motion to compel production (DE 170). Plaintiffs responded to defendants' objection. In this posture the issues raised are ripe for ruling. For the following reasons, defendants' objection is overruled and the magistrate judge's order is affirmed, subject to plaintiffs' agreement set forth herein to confer in good faith regarding custodians and search terms.

**BACKGROUND**

As pertinent to the instant objections, on August 8, 2018, the court directed defendants to respond to plaintiffs' Second Request for Production of Documents, filed at DE 151-3. On August 20, 2018, the court adopted the parties' proposed schedule for timing of jurisdictional discovery, under which defendants will produce documents within 45 days of the court's ruling on any discovery motion regarding defendants' responses to plaintiff's Second Request for Production of Documents. (See Notice (DE 166) at 2; Order (DE 167)). In addition, the court adopted the parties'

proposed schedule for depositions to take place within four weeks of the production of documents. (Id.). Furthermore, "deadlines for plaintiffs' opposition to any renewed motion to dismiss, and defendants' reply thereto, are STAYED until completion of jurisdictional discovery." (Order (DE 167)). The parties suggest that, upon completion of jurisdictional discovery, the parties shall then "propose a schedule for completion of briefing on the issue of personal jurisdiction over Merz Pharma." (Notice (DE 166) at 2).

On September 24, 2018, plaintiffs filed the instant motion to compel production that is subject of the magistrate judge order. On October 24, 2018, the court confirmed its prior orders regarding the stay of briefing imposed due to period of jurisdictional discovery, despite filing of motions to amend complaint. On November 28, 2018, the court granted plaintiffs' motion to amend complaint, and plaintiffs filed a second amended complaint on that date.

On December 5, 2018, the magistrate judge granted in part and denied in part plaintiffs' motion to compel. In particular, the magistrate judge rejected defendants' objections to requests 5, 7, 8, 9, 13, 14, 15, and 17, on the grounds of relevance. The magistrate judge ordered defendants to fully respond to such requests, except to the extent that those requests are duplicative, as previously resolved in the court's August 8, 2018, order, and except to the extent requests 7 and 8 reference unspecified "Merz entities" as discussed in the magistrate judge order. (Order (DE 190) at 10). The magistrate judge limited request 1, 2, 3, 4, 12, and 18, per modification suggested by plaintiffs or as clarified in the magistrate judge order. (Id. at 10-15). The court ordered compliance with the order by January 22, 2019, consistent with this court's August 20, 2018, order.

On December 12, 2018, defendants filed motions to dismiss the second amended complaint. Per the court's August 20, 2018, and October 24, 2018, orders, briefing on such motions is stayed

2

pending completion of jurisdictional discovery.

On December 19, 2018, defendants filed the instant objection to the magistrate judge's December 5, 2018, order, specifically to that portion requiring full compliance with requests for production 5, 9, 13, 14, and 15. Defendants expressly do not object to any other aspect of the magistrate judge's order. Defendants rely upon an attached case, Valencell, Inc. v. Apple Inc., No. 5:16-CV-1-D (E.D.N.C. April 17, 2017). Plaintiffs responded on December 31, 2018, relying upon the declaration of one of plaintiffs' counsel in this action Aaron Tandy.

## COURT'S DISCUSSION

A.  Standard of Review

For non-dispositive pretrial matters, "[t]he district judge in the case must consider timely objections and modify or set aside any part of [a magistrate judge] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A).

B.  Analysis

Defendants object to the magistrate judge order, with respect to requests for production 5, 9, 13, 14, and 15, on the basis of relevance and proportionality. The court addresses each basis for objection in turn.

1.  Relevance

Defendants argue that the information requested in requests for production 5, 9, 13, 14, and 15, is not relevant to the issue of personal jurisdiction. The magistrate judge thoroughly and cogently addressed the relevance of these requests for production, and the court previously addressed issues of relevance in its August 8, 2018, order. Defendants have not demonstrated that the analysis of the magistrate judge is clearly erroneous or contrary to law. Upon careful review of

the record and the magistrate judge's order, the court overrules that part of defendants' objection based upon relevance.

2. Proportionality

Defendants argue that production in accordance with requests 5, 9, 13, 14, and 15, is disproportionate to the needs of the case. For example, defendants contend that "[a]t least sixty-five employees of both Defendants could be considered relevant custodians," and that for one employee alone defendants estimate that there are at least 11,217 documents that hit on the search term "Ulthera" or other names used for the company. (Obj. (DE 195) at 10). Defendants propose a limitation to documents "sufficient to show" they collaborated in North Carolina to acquire Ulthera, or documents that reference brokerage fees and brokerage commissions. (Id. at 11).

Defendants' objections based upon proportionality are unavailing. As an initial matter, defendants did not raise before the magistrate judge information now raised about the number of custodians or number of documents responsive to the challenged requests. Moreover, "Plaintiffs have agreed to cooperate with Defendants in good faith to limit the number of records custodians and applicable search terms for purposes of jurisdictional discovery." (Pls' Resp. (DE 196) at 9). It is incumbent upon plaintiffs to confer with defendants in an effort to do so. Further limitation, however, on the basis proposed by defendants is not required. Defendants have not demonstrated that a subject matter limitation to documents "sufficient to show" they collaborated in North Carolina to acquire Ulthera, or documents that reference brokerage fees and brokerage commissions, is warranted in light of the court's relevance determinations. In sum, the court overrules that part of defendant's objection based upon proportionality, subject to plaintiffs' agreement to confer in good faith as set forth herein.

**CONCLUSION**

Based on the foregoing, defendants' objection (DE 195) to the magistrate judge's December 5, 2018, order is OVERRULED and the magistrate judge's order is AFFIRMED, subject to plaintiffs' agreement to confer in good faith regarding custodians and search terms as set forth herein. The deadline for compliance with the magistrate judge's order remains **January 22, 2019.** The parties are DIRECTED to file, upon close of jurisdictional discovery period, or by **February 22, 2019**, whichever is earlier, a notice setting forth the parties' proposed deadlines for completion of briefing on motions to dismiss filed at DE 191 and 193, accompanied by proposed order if agreed.

SO ORDERED, this the 15th day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge