IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-00117-FL

| | |
|---|---|
| HEALTH & BEAUTY TECHNOLOGIES, INC., and MEDI-BUILD INTERNATIONAL CORP., <br><br> Plaintiffs, <br><br> v. <br><br> MERZ PHARMA GmbH KGAA, and MERZ NORTH AMERICA, INC., <br><br> Defendants. | **ORDER GRANTING *UNOPPOSED* MOTION TO SEAL DOCUMENTS REGARDING REPLY IN SUPPORT OF MOTION TO DISMISS** |

This matter is before the Court upon the Motion to Seal Documents Regarding Reply in Support of Motion to Dismiss. The reply referenced in the Motion to Seal was filed in response to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss [ECF No. 216].

It appearing to the Court, after considering the Motion to Seal, (i) that the Motion to Seal has been timely filed; (ii) that the granting of the Motion to Seal will not cause any undue delay or prejudice to any other parties; (iii) that granting the Motion to Seal will facilitate the efficient administration of justice; and (iv) that, for good cause shown, the Motion to Seal should be granted.

In reaching this determination, the Court (i) notes that public notice of the request to seal has been provided, and interested parties have been allowed a reasonable opportunity to object, (ii) has considered less drastic alternatives to sealing the documents, and (3) is providing specific reasons and factual findings supporting its decision to seal the documents. Specifically, it appears that the documents in question relate to highly sensitive mergers and acquisition work, including diligence, pricing, margins, and other corporate decisions. The pharmaceutical industry is

extremely competitive. If these documents were to be made public, it could allow competitors to observe how Defendants determine acquisition targets and conduct diligence on those targets. This could be detrimental to Defendants' business practice, and this is the very reason why a Consent Protective Order was entered in the first place. For these reasons, maintaining the exhibits under seal outweighs the public's right to access the documents.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Seal Documents Regarding the Reply in Support of Motion to Dismiss should be, and hereby is, granted, and the Reply and its exhibits will remain sealed.

IT IS SO ORDERED.

This 10th day of September, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge